J-S11040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MELISA ANN MCMANUS | : | |
| | : | |
| Appellant | : | No. 1415 MDA 2014 |

Appeal from the PCRA Order entered on July 22, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0002039-1993

BEFORE: PANELLA, OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED APRIL 08, 2016**

Melisa Ann McManus ("McManus") appeals from the Order dismissing her Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546. We reverse the Order, vacate McManus's judgment of sentence, and remand for resentencing.

In 1994, McManus was convicted of murder of the first degree and criminal conspiracy after the death of her newborn son.[1] McManus was 17 years old at the time of the crime. The trial court sentenced McManus to life in prison without the possibility of parole on the murder conviction, and a concurrent 5 to 10 years in prison on the conspiracy conviction. This Court affirmed the judgment of sentence, and the Supreme Court denied allowance of appeal. **See Commonwealth v. McManus**, 664 A.2d 1057

---

[1] **See** 18 Pa.C.S.A. §§ 2502(a), 903.

(Pa. Super. 1995) (unpublished memorandum), *appeal denied*, 670 A.2d 141 (Pa. 1995). McManus did not file a Petition for *Writ of certiorari* with the United States Supreme Court.

McManus filed her first PCRA Petition, *pro se*, in 2010. The PCRA court appointed McManus counsel, who filed an Amended PCRA Petition. In this Petition, McManus argued that her sentence was unconstitutional under **Graham v. Florida**, 560 U.S. 48 (2010). The PCRA court issued a Notice of Intent to Dismiss, and dismissed the Petition without a hearing. McManus filed a timely Notice of Appeal.

In 2012, while the appeal was pending, McManus filed a PCRA Petition, following the United States Supreme Court's decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012).[2] The PCRA court denied the second Petition because McManus's first Petition was still pending before this Court. McManus filed an Application for Remand of the 2010 PCRA Petition, which this Court denied. Instead, this Court ordered the case listed for *en banc* review to determine the retroactivity of **Miller**. The Commonwealth filed an Application for Stay of the appeal from the dismissal of the 2010 PCRA

---

[2] In **Miller**, the Supreme Court held that sentencing schemes which mandate life in prison without parole for defendants who committed their crimes while under the age of eighteen violates the Eighth Amendment's prohibition on "cruel and unusual punishments." **Miller**, 132 S. Ct. at 2460. The Supreme Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. **Id**. at 2469.

Petition pending the Supreme Court of Pennsylvania's decision in *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), on the retroactivity of *Miller*. This Court granted the Application for Stay. In 2013, the Supreme Court of Pennsylvania held that *Miller* should not be applied retroactively to individuals whose judgments of sentence were final prior to that decision. *Cunningham*, 81 A.3d at 11. As a result, this Court remanded the 2010 PCRA Petition to the PCRA court and relinquished jurisdiction.

In 2014, the Commonwealth filed an Answer to McManus's PCRA Petition, and the PCRA court ruled to stay the remanded PCRA action pending a ruling by the United States Supreme Court on whether it would grant *certiorari* in *Cunningham*. On June 9, 2014, the United States Supreme Court denied *certiorari*. *See Cunningham v. Pennsylvania*, 134 S. Ct. 2724 (2014). The PCRA court subsequently dismissed the PCRA Petition.

This panel affirmed the PCRA court's dismissal based on the untimeliness of the Petition,[3] and McManus's failure to properly invoke a

---

[3] Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). Here, McManus's Petition was facially untimely under the PCRA.

timeliness exception under the PCRA.[4] **See Commonwealth v. McManus**, 120 A.3d 388 (Pa. Super. 2015) (unpublished memorandum at 4-5). Our panel was constrained to conclude that the **Miller** decision did not implicate the newly recognized constitutional right exception codified at 42 Pa.C.S.A. § 9545(b)(1)(iii), based upon the **Cunningham** decision. **McManus**, 120 A.3d 388 (unpublished memorandum at 5).

McManus filed a Petition for Allowance of Appeal. On February 17, 2016, our Supreme Court granted the Petition, vacated this Court's decision, and remanded for further proceedings based upon the United States Supreme Court's decision in **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016). **See Commonwealth v. McManus**, 2016 WL 634042, *1 (Pa. 2016).

In **Montgomery**, the United States Supreme Court held that its decision in **Miller, supra**, applies retroactively. **Montgomery**, 136 S. Ct. at 736. Following the **Montgomery** decision, this Court issued its Opinion in **Commonwealth v. Secreti**, 2016 PA Super 28 (Pa. Super. 2016), which held that where a PCRA petitioner properly raised a **Miller** claim within sixty days of that decision, **Miller** applies retroactively; the petitioner's sentence is unconstitutional under **Miller**; and the petitioner is entitled to a new

---

[4] Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." **Id**. § 9545(b)(2).

sentencing hearing in accordance with **Commonwealth v. Batts**, 66 A.3d 286, 296 (Pa. 2013).[5] **Secreti**, 2016 PA Super 28, **4-6.

Here, McManus's first PCRA Petition was pending at the time of the **Miller** decision. **See Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012) (stating that courts "cannot entertain a new PCRA petition when a prior petition is still under review[.]"). Subsequently, the PCRA court and this Court stayed a decision on McManus's 2010 PCRA Petition until the final resolution of **Cunningham**. Thus, in light of this procedural history, we conclude that McManus properly and timely invoked **Miller** under section 9545(b)(1)(iii).

---

[5] "**Miller** requires only that there be judicial consideration of the appropriate age-related factors set forth in that decision prior to the imposition of a sentence of life imprisonment without the possibility of parole on a juvenile." **Batts**, 66 A.3d at 296.

> [A]t a minimum[, the trial court] should consider a juvenile's age at the time of the offense, h[er] diminished culpability and capacity for change, the circumstances of the crime, the extent of h[er] participation in the crime, h[er] family, home and neighborhood environment, h[er] emotional maturity and development, the extent that familial and/or peer pressure may have affected h[er], h[er] past exposure to violence, h[er] drug and alcohol history, h[er] ability to deal with the police, h[er] capacity to assist h[er] attorney, h[er] mental health history, and h[er] potential for rehabilitation.

**Id**. at 297. "[T]he imposition of a minimum sentence taking such factors into account is the most appropriate remedy for the federal constitutional violation that occurred when a life-without-parole sentence was mandatorily applied to [an a]ppellant." **Id**.; **see also Montgomery**, 136 S. Ct. at 736 (stating that "[a]**llowing those offenders to be considered for parole** ensures that juveniles whose crimes reflected only transient immaturity— and who have since matured—will not be forced to serve a disproportionate sentence in violation of the Eighth Amendment.") (emphasis added).

Based upon **Montgomery** and **Secreti**, we conclude that (1) McManus satisfied the timeliness exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), and that **Miller** applies retroactively to her sentence; (2) McManus's sentence is unconstitutional under **Miller**; and (3) McManus is entitled to a new sentencing hearing. Accordingly, we reverse the PCRA court's Order dismissing McManus's Petition, vacate McManus's judgment of sentence, and remand for resentencing in accordance with **Batts, supra**.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/8/2016